UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FORT HICKMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2757 AGF |
| | ) |
| PACKAGING CONCEPTS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of plaintiff Fort Hickmon for leave to commence this action without payment of the required filing fee. ECF No. 2. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay the filing fee and the motion will be granted. *See* 28 U.S.C. § 1915(a)(1). However, plaintiff will be required to file an amended complaint with the Court, in compliance with the instructions provided below, within thirty (30) days of this Order. In addition, if plaintiff intends his complaint to include allegations raised in his amended charge of discrimination (number 28E-2015-01617C), he should file any right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") that he received in regards to that amended charge.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee, or *in forma pauperis*, if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal

conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## The Complaint

*Pro se* plaintiff brings this employment discrimination action against his former employer, Packaging Concepts, Inc., and three of its employees: Cary Farber (Plant Manager), Tony Parsons (Print Manager), and Brian Green (Supervisor). ECF No. 1 at 1. According to

his complaint, plaintiff alleges discrimination based on race, color, and disability.[1]  *Id.* at 5. However, plaintiff did not check any of the lines on the form complaint for seeking relief under any federal statute which protects against race or color discrimination.   His complaint only states that his claims are being brought under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, which protects against employment discrimination on the basis of disability by an employer which constitutes a program or activity receiving federal financial assistance.  *Id.* at 1-2.

Plaintiff alleges that on or about February 23, 2015, he was discriminated against by defendants based on their conduct of: terminating his employment, failing to promote him, failing to accommodate his disability, making the terms and conditions of his employment different than those of similar employees, retaliating against him, and harassing him.[2]  ECF No. 1 at 3-4.  Plaintiff states that he was injured on the job, while employed with defendant company Packaging Concepts, in December 2013 and September 2014.  These injuries caused his "disability," but plaintiff does not specify what his disability is, except to state that he had to work "with lifting restrictions."  *Id.* at 5.  In February 2015, plaintiff was released by a defendant company doctor to work without lifting restrictions.  However, plaintiff was still having issues with pain and later he was put back on restrictions.  Defendant company told him that there was no work available with lifting restrictions and plaintiff was sent home.  Plaintiff contacted defendant company multiple times trying to see when he could return to work but

---

[1] Plaintiff also checked the "other" line on his complaint, alleging discrimination on an additional basis; however, plaintiff never names or describes this "other" basis for discrimination.

[2] The Court notes that although plaintiff checked the lines alleging all of these acts of unlawful conduct, his complaint details no termination, no retaliation, and no harassment.

defendant stated that there was no work with restrictions available. Plaintiff alleges that defendant company denied him a reasonable accommodation due to his disability. *Id.* at 5-6.

Plaintiff, self-described as "black," also states that defendant company denied him promotional opportunities based on his race. ECF Nos. 1 at 6, 3 at 1. According to plaintiff, upon being hired by defendant company, he was told that there would be opportunities to move up from 'Operator Assistant' to 'Machine Operator.' However, after requesting a promotion for several years, plaintiff was never promoted while white co-workers – some of which plaintiff trained – were promoted. ECF No. 1 at 6. For relief, plaintiff seeks "damages, punitive damages and any other remedies or relief that the court finds just and proper." *Id.* at 7.

**Charges of Discrimination**

According to plaintiff's complaint, he filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") on August 27, 2015, and a charge of discrimination with the EEOC on September 8, 2015. ECF No. 1 at 3. However, plaintiff filed two charge of discrimination documents with the Court, and neither is dated September 8, 2015. *See* ECF Nos. 3, 3-1. In charge number "28E-2015-01617," filed with the MCHR and the EEOC on August 27, 2015, plaintiff alleges race and disability discrimination against Packaging Concepts, based on an event that occurred on August 14, 2015. ECF No. 3 at 1. Besides the difference in the date of alleged discrimination, the particulars of the charge of discrimination are almost word-for-word, identical to the details provided in the complaint. Attached to the charge, plaintiff filed an EEOC right-to-sue letter with charge number "28E-2015-01617," dated October 3, 2019. *Id.* at 2. According to the letter, the EEOC was closing the file on this charge because: "The EEOC has adopted the findings of the state or local fair employment practices

agency that investigated this charge." *Id.* Plaintiff does not include those agency findings with his case filings.

Plaintiff also filed a second charge of discrimination, filed with the MCHR and the EEOC on January 5, 2017, with charge number "AMENDED 28E-2015-01617C." ECF No. 3 at 1. In this "amended" charge, plaintiff names two additional defendants: Tony Parsons (Printing Manager) and Cary Farber (Plant Manager). Plaintiff states that in October 2016 he resolved "one" of his "workers' compensation claims" with Packaging Concepts. However, as of October 10, 2016, plaintiff was officially terminated by Packaging Concepts and he alleges that his "disability and/or the fact that [he] was regarded as disabled were contributing factors" in his termination. *Id.* Plaintiff also alleges that the filing of his original charge of discrimination in August 2015, contributed to defendant company's termination decision. In this amended charge, plaintiff states that he seeks relief under "the Missouri Human Rights Act and/or Title VII of the Civil Rights Act and/or the ADAAA." *Id.* at 2. Plaintiff does not provide the Court with any resolution of this amended charge "28E-2015-01617C" by the EEOC, such as a right-to-sue letter.

**Discussion**

There are multiple problems with plaintiff's employment discrimination complaint, making it subject to dismissal under 28 U.S.C. § 1915(e)(2). However, because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint in an attempt to cure these pleading deficiencies. Plaintiff should consider the following legal issues and instructions in filing his amended complaint.

A. **Relevant Legal Issues**

It is unclear whether plaintiff's complaint seeks the same relief as sought in his initial charge of discrimination 28E-2015-01617, or if he also seeks relief based on the allegations mentioned in his amended charge 28E-2015-01617C, as well. The particulars of his initial charge are almost identical to the allegations of the complaint. Yet, plaintiff names four defendants in his complaint, but only one defendant in the initial charge. Also, plaintiff alleges race and color discrimination in his complaint, yet he doesn't check the lines seeking relief under a federal statute which protects from such discrimination on his complaint. Plaintiff does mention Title VII and the Americans with Disabilities Act ("ADA") in his amended charge particulars. The amended charge also names three defendants. However, it is unclear whether plaintiff has received any resolution on the amended charge from the EEOC. He did not file a right-to-sue letter with the amended charge number in this matter.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an individual because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. To initiate a claim under Title VII, a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). If plaintiff has received an EEOC right-to-sue letter based on his amended charge, he must submit a copy of it to the Court. *Kent v. Dir., Mo. Dep't of Elementary & Secondary Educ. & Div. of Vocational Rehab.*, 792 F. Supp. 59, 62 (E.D. Mo. 1992) (receipt of a right-to-sue letter is a condition precedent to bringing an employment discrimination suit).

The only federal statute under which plaintiff seeks relief in his complaint is the Rehabilitation Act of 1973. Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 701–796, prohibits any "program or activity receiving Federal financial assistance" from discriminating on the basis of disability. "To establish a prime facie case of disability discrimination under Section 504, the plaintiff must prove: (1) [he] is a qualified individual with a disability; (2) [he] was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) [he] was discriminated against based on [his] disability." *M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721, New Prague, Minn.*, 439 F.3d 865, 867 (8th Cir. 2006) (internal quotations and citation omitted) (alterations in original). In addition, in order for a plaintiff to establish a Rehabilitation Act violation, he must also show "bad faith or gross misjudgment." *Id.*

Plaintiff's complaint does not contain these necessary allegations in order to state a claim for relief under the Rehabilitation Act. Importantly, plaintiff does not allege, nor is it apparent, that he was involved in a program that received federal financial assistance. *See Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999) (in addition to the same requirements of a prima facie case under the ADA,[3] the Rehabilitation Act also requires that plaintiff show that the program or activity from which he alleges exclusion, receives federal financial assistance).

Additionally, to the extent plaintiff is attempting to assert federal claims, pursuant to Title VII, against the individual defendants in this matter, he should be aware that such claims are subject to dismissal. Title VII provides a remedy only against an employer. The Eighth Circuit

---

[3] To state a claim upon which relief can be granted under the ADA, plaintiff is required to present a prima facie case of discrimination due to disability: (1) that he is disabled within the meaning of the ADA; (2) that he is qualified to perform the essential functions of his job with or without a reasonable accommodation; and (3) that he suffered an adverse employment action because of his disability. *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013); *Thompson v. Bi-State Dev. Agency*, 463 F.3d 821, 825 (8th Cir. 2006).

Court of Appeals has "squarely held that supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley Cty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997); *see also Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, to the extent plaintiff seeks to include Title VII claims against the individual defendants in this action, such allegations would be subject to dismissal for failure to state a claim.

Finally, plaintiff mentions that "one" of his workers' compensation claims against defendant company has been resolved. ECF No. 3-1 at 1. To the extent plaintiff is seeking workers' compensation relief here, the Court reminds plaintiff that this Court lacks jurisdiction over such claims. The Missouri's Workers Compensation Act provides the exclusive rights and remedies for claims involving workplace injuries sustained by a worker in the course and scope of his employment. *See Wright v. St. Louis Produce Market, Inc.*, 43 S.W.3d 404, 414 (Mo. Ct. App. E.D. 2001); Mo. Rev. Stat. § 287.120. In addition, the Labor and Industrial Relations Commission has the exclusive jurisdiction to determine whether an employee's injuries occurred as a result of the employee's employment. *Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723 (Mo. 1982) (en banc); Mo. Const. art. IV, § 49 (establishing the Labor and Industrial Relations Commission). As a result, to the extent plaintiff seeks relief on a workers' compensation claim here, this Court lacks subject matter jurisdiction over such a claim.

**B. Instructions for Filing an Amended Complaint**

Due to the pleading deficiencies described above, the Court will order plaintiff to amend his complaint and supplement the record by submitting a copy of his EEOC right-to-sue letter regarding his amended charge of discrimination "28E-2015-01617C", if he has received one,

within thirty (30) days of the date of this Order. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff must submit the amended complaint on the court-provided form. Plaintiff should make sure to fully complete the form and provide all required information. Plaintiff should specify all legal grounds for his employment discrimination lawsuit and provide all required information for each named defendant. Plaintiff should detail all facts and describe specific conduct that he believes is discriminatory. Plaintiff is required to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review in order for plaintiff to proceed in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall amend his complaint, on a court-provided form, and submit a copy of her EEOC right-to-sue letter regarding the amended charge, if he has received one, within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action may be dismissed, in whole or in part, without prejudice.

Dated this 11th day of February, 2020.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE